F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   MAR 12 2026   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
[EASTERN] DISTRICT OF NEW YORK

-------------------------------------------------------X

NAHSHON JACKSON,

                Plaintiff,

      v.

FOURLEAF FEDERAL CREDIT UNION,

                Defendant.

-------------------------------------------------------X

**COMPLAINT**

Civil Action No. _____

**26-cv-01556**

**JURY TRIAL DEMANDED**

**Merchant, D.J.**

**Wicks, M.J.**

Plaintiff, NahShon Jackson ("Plaintiff"), for his Complaint against FourLeaf Federal Credit Union ("FourLeaf" or "Defendant"), alleges as follows:

## I. JURISDICTION AND VENUE

1. This action arises out of Defendant's unlawful withdrawal and mishandling of funds from Plaintiff's business account, its deceptive and invalid arbitration practices, and its bad-faith investigation and denial of Plaintiff's claim of loss.

2. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims raise substantial questions under federal law, including the Federal Arbitration Act, 9 U.S.C. §§ 1–16, the Consumer Credit Protection under 15 USC §1693, and federal due-process-based principles incorporated into the American Arbitration Association ("AAA") Consumer Arbitration Rules and Consumer Due Process Protocols, which Defendant invoked in its contract but refused to satisfy.

3. The Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367 because they are so related to the federal questions as to form part of the same case or controversy.

4. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District and Plaintiff's account was opened and maintained for his New York–based business.

## II. PARTIES

5. Plaintiff NahShon Jackson is a natural person and resident of the State of New York, and the sole member of Shungite Majik LLC, for which he opened a business account with FourLeaf.

1

6. Defendant FourLeaf Federal Credit Union is a federally insured credit union doing business with members in New York and elsewhere, including maintaining accounts for Plaintiff and purporting to bind him to its Business Member Account Agreement & Disclosure ("Contract Agreement").

## III. FACTUAL ALLEGATIONS

7. On or about March 7, 2025, Plaintiff opened a business account at FourLeaf Federal Credit Union in the name of his limited liability company, "Shungite Majik."

8. At the time of account opening, FourLeaf did not provide Plaintiff with a published copy of the "FourLeaf Business Member Account Agreement & Disclosure."

9. There is no executed signature card or other written acknowledgment indicating that Plaintiff received, read, or agreed to the Contract Agreement prior to or after opening the business account.

10. Only after Plaintiff specifically requested a copy of the governing agreement and his signature card did FourLeaf, by email dated August 21, 2025, first disclose to Plaintiff a copy of the Contract Agreement "Effective March 3, 2025." FourLeaf still did not disclose any signed signature card.

11. On March 21, 2025, FourLeaf unilaterally withdrew $735.00 from Plaintiff's business account and transmitted those funds to a third party, American Web Wizard, without Plaintiff's authorization or consent.

12. On June 6, 2025, Plaintiff submitted to FourLeaf a written Claim of Loss, requesting a credit or refund in the amount of $735.00 due to this unauthorized withdrawal.

13. On June 9, 2025, FourLeaf provisionally credited Plaintiff's account in the amount of $735.00, providing Plaintiff with full use of the funds pending completion of FourLeaf's investigation.

14. On August 8, 2025, FourLeaf notified Plaintiff that, after investigating, it would reverse the provisional credit and deny the claim on the ground that the dispute "was not received within the timeframe required" under the Business Member Account Agreement.

15. The Contract Agreement's "CLAIM OF LOSS" section (page 8) contains no stated deadline or timeframe within which a claim of loss for an unauthorized withdrawal must be received. It instead requires the account holder to: (a) cooperate with the investigation; (b) notify law enforcement of criminal acts related to the loss; (c) preserve and pursue rights against responsible third parties; and (d) pursue or assign such rights at FourLeaf's option.

16. FourLeaf did not invite Plaintiff to participate in its investigation, did not request an affidavit from Plaintiff setting forth the circumstances of the unauthorized withdrawal, and did not evaluate whether Plaintiff had complied with his obligations under the Claim-of-Loss provision.

17. FourLeaf did not advise Plaintiff to notify law enforcement authorities of any fraud related to the unauthorized transfer to American Web Wizard and did not itself treat the matter as a potential criminal fraud incident.

18. Instead, FourLeaf relied on unspecified, unverified information from an unknown entity purporting to be "Trademark Association LLC" and used that information to justify reversing the provisional credit and denying Plaintiff's claim, while refusing to share the underlying evidence.

19. FourLeaf thereby enforced a purported "timeframe" term that does not exist in the Claim-of-Loss section, acted in bad faith, and relied on information from an unknown third party without giving Plaintiff a meaningful opportunity to contest or address it.

**The Arbitration Provisions and AAA's Refusal to Administer**

20. The Contract Agreement includes a purported "consumer arbitration clause" in which FourLeaf represents that any and all disputes arising out of, affecting, or relating to the account must be resolved by binding arbitration administered by the AAA "in accordance with its applicable rules and procedures for *consumer disputes*."

21. The Contract Agreement further states that the parties will attempt to resolve disputes informally before resorting to arbitration; FourLeaf made no genuine attempt to informally resolve Plaintiff's dispute.

22. In reliance on the Contract Agreement, Plaintiff elected to submit his dispute to the AAA under the AAA Consumer Arbitration Rules and paid the required consumer filing fee.

23. On December 15, 2025, the AAA granted Plaintiff a full refund of his $231.00 filing fee and declined to administer the arbitration. FourLeaf had never registered its consumer arbitration clause with the AAA Consumer Clause Registry and did not pay the AAA's required business-side review and registry fees, as required by Rules R-1 and R-12 of the AAA Consumer Arbitration Rules.

24. The AAA was unable to administer the case as a consumer arbitration and had not commenced any arbitration proceedings in substance.

25. Nonetheless, FourLeaf, through counsel, asserted that AAA Commercial Rules applied instead, and took the position that the AAA could only administer Plaintiff's case as

3

a "commercial" arbitration—requiring dramatically higher fees that FourLeaf knew Plaintiff could not afford—thereby defeating the availability of any arbitration forum.

26. FourLeaf also attempted to enforce the arbitration clause to bar Plaintiff from filing suit in court, while simultaneously making it impossible for Plaintiff to obtain arbitration through the AAA as represented in the Contract Agreement.

27. FourLeaf's conduct constitutes the use of a fictitious or deceptive arbitration clause: it publicly represents that disputes will be resolved under AAA consumer procedures, but in practice fails to register its clause, refuses to pay required AAA business fees, and insists on expensive commercial arbitration to discourage or prevent members from pursuing claims.

28. Plaintiff justifiably relied on FourLeaf's contractual representations and AAA-based arbitration clause in electing arbitration and forgoing immediate court action, incurring time and expense in an ultimately futile arbitration process.

**Invalidity and Breach of the Contract Agreement**

29. Because FourLeaf never obtained a signed signature card or acknowledgment of the Contract Agreement, never provided the Contract Agreement at account opening, and only disclosed it months later after Plaintiff's request, Plaintiff did not meaningfully assent to its terms.

30. Alternatively, even if the Contract Agreement is deemed valid, FourLeaf materially breached and repudiated it by:

a. Failing to attempt an informal resolution of Plaintiff's dispute;
b. Conducting a biased and incomplete investigation of the unauthorized withdrawal;
c. Invoking a non-existent "timeframe" term to deny his Claim of Loss;
d. Deceptively presenting an AAA consumer arbitration clause while refusing to comply with AAA registration and fee requirements; and
e. Attempting to switch Plaintiff's dispute into AAA Commercial Rules solely to price him out of access to any arbitration forum.

## IV. CLAIMS FOR RELIEF

### COUNT I – Breach of Contract
### (Unauthorized Withdrawal and Claim of Loss)

31. Plaintiff repeats and realleges paragraphs 1–30.

4

32. FourLeaf owed Plaintiff contractual duties under the governing account agreement, including to honor only authorized withdrawals, to investigate claims of loss in good faith, and to follow the Claim-of-Loss terms as written.

33. FourLeaf breached the contract by executing an unauthorized withdrawal of $735.00 to American Web Wizard without Plaintiff's consent; by failing to conduct a fair investigation; by relying on a non-existent timing requirement to deny his claim; and by reversing the provisional credit despite Plaintiff's compliance with his obligations.

34. As a direct and proximate result, Plaintiff suffered financial loss, loss of use of funds, business interruption, and consequential damages.

### COUNT II – Breach of the Implied Covenant of Good Faith and Fair Dealing

35. Plaintiff repeats and realleges paragraphs 1–34.

36. New York law implies in every contract a duty of good faith and fair dealing, which requires each party to refrain from actions that would destroy the other party's right to receive the benefits of the contract.

37. FourLeaf acted in bad faith by: (a) blocking Plaintiff's Claim of Loss with a fabricated "timeframe" requirement; (b) excluding Plaintiff from the investigation; (c) relying on secret information from an unknown source; and (d) using an illusory arbitration process to foreclose both arbitration and court relief.

38. These actions frustrated Plaintiff's contractual rights and caused substantial monetary and non-monetary damages.

### COUNT III – Fraud / Deceptive Practices in Arbitration Clause

39. Plaintiff repeats and realleges paragraphs 1–38.

40. FourLeaf knowingly represented in its Contract Agreement that disputes would be resolved in AAA consumer arbitration and that Plaintiff had a meaningful choice between informal settlement, AAA arbitration, or court.

41. In reality, FourLeaf never registered its consumer arbitration clause as required by AAA Consumer Arbitration Rule R-12, never paid the required business-side fees, and used the existence of the clause to attempt to bar Plaintiff from court while avoiding AAA consumer procedures.

42. FourLeaf's misrepresentations and omissions were material and were made with the intent that Plaintiff rely on them, and Plaintiff reasonably did so by filing a demand for arbitration, paying the AAA filing fee, and refraining from earlier court action.

43. FourLeaf's conduct constitutes fraud and deceptive practices, including but not limited to false representations concerning the availability and nature of AAA consumer arbitration as a dispute-resolution forum.

44. As a direct and proximate result, Plaintiff suffered damages including loss of funds, lost business opportunities, additional costs, and severe emotional distress.

## COUNT IV – Declaratory Judgment
### (Invalid/Unenforceable Arbitration Clause)

45. Plaintiff repeats and realleges paragraphs 1–44.

46. An actual controversy exists regarding the validity and enforceability of FourLeaf's purported arbitration clause.

47. FourLeaf's failure to register its clause with the AAA, its refusal to comply with AAA Consumer Rules, and its attempt to switch Plaintiff's dispute to commercial arbitration render the arbitration clause unconscionable, illusory, and unenforceable as a matter of federal arbitration law and New York contract law.

48. Plaintiff seeks a declaration under 28 U.S.C. § 2201 that FourLeaf's AAA-based arbitration clause is invalid and unenforceable, that FourLeaf has defaulted in arbitration, and that Plaintiff may proceed with his claims in this Court.

## V. DAMAGES

49. FourLeaf's conduct has caused Plaintiff substantial harm, including:

a. The $735.00 unauthorized withdrawal and loss of use of funds;
b. Loss of business revenue, goodwill, and opportunities for his company Shungite Majik;
c. Emotional distress, anxiety, and time spent attempting to resolve the matter; and

d. Expenses incurred in the arbitration process and in seeking redress.

50. In light of the seriousness of FourLeaf's deceptive arbitration practices and bad-faith handling of Plaintiff's account, Plaintiff seeks compensatory and consequential damages totaling $7,000,000.00, plus pre- and post-judgment interest.

## VI. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court:

A. Award Plaintiff compensatory, consequential, and other damages in the amount of $7,000,000.00, or such amount as the evidence at trial may show;

B. Enter a declaratory judgment that FourLeaf's purported AAA consumer arbitration clause is invalid and unenforceable.

C. Award Plaintiff restitution of all wrongfully withdrawn funds, including the $735.00 unauthorized withdrawal.

D. Award costs of suit, including reasonable attorney fees if permitted by statute or contract; and

E. Grant such other and further relief as the Court deems just and proper.

I, NahShon Jackson affirm under penalties of perjury pursuant to 28 USC § 1746 that the foregoing statement is true and correct to the best of my knowledge.


Dated: Hempstead, New York
        March 12, 2026



NAHSHON JACKSON
Plaintiff Pro Se
150 Bedell Street, Ste 318
Hempstead, N.Y. 11550
nahshonjackson7@gmail.com
516·738-3461